UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

W. ASHWOOD KAVANNA,

                    Plaintiff,

          -against-

DANA LAWRO;[1] SUE HRIB; UKRANIAN
AMERICAN YOUTH ASSOC (UAYA);
UKRAINE AMERICAN YOUTH
ASSICATION (CYMA); ATLANTA MUSIC
FUND, LLC.; ELLENVILLE CAMP; HOTEL
EDISON,

                    Defendants.

22-CV-9774 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity

jurisdiction, 28 U.S.C. § 1332. He alleges that Defendants breached an oral agreement by

dropping his artwork, without cause, from an auction to be held during a benefit gala.

By order dated November 16, 2022, the Court granted Plaintiff's request to proceed *in

forma pauperis* (IFP), that is, to waive prepayment of the filing fees. For the reasons set forth

below, the Court dismisses the action for lack of subject matter jurisdiction but grants Plaintiff

leave to replead within 30 days.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Plaintiff indicates that Defendant Dana Lawro uses the names Dana and Dania, and he
refers to her by both names in the complaint.

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are from Plaintiff Ashwood Kavanna's complaint. The organizers of the Blue and Gold Gala were planning an event, to be held on November 19, 2022, at the Hotel Edison in Manhattan.[2] (ECF 2 at 4.)

Plaintiff is an artist who has exhibited his works in New York City and abroad. For example, a six-foot tall triptych that he created is in the lobby of the Fountain House headquarters in Manhattan. Plaintiff's canvas entitled, *Artemisia Man-Slams Putin*, is a provocative work that depicts the decapitation of Russian President Vladimir Putin. (*Id.* at 4, 6.) In October 2022, Plaintiff had conversations with Blue and Gold Gala Co-Chairs Dania Lawro and Sue Hrib about including this work in an auction at the gala. (*Id.* at 5.) On November 4, 2022, Plaintiff and his assistant met with Dania Lawro, Iryna Lawro, and retired Army Captain Phillip Karber, to show them the canvas. All parties signed a confidentiality agreement; it is unclear whether Plaintiff requested the confidentiality agreement, or whether Defendants wanted Plaintiff to keep some information confidential.

---

[2] Plaintiff names as defendants the Ukrainian American Youth Association and the Ukraine American Youth Association, but he does not include any allegations about these entities. These associations may have been the beneficiaries of the Blue and Gold Gala.

On an unspecified date, the parties agreed that the first $10,000 from the sale of Plaintiff's work would go to "Defendants," (*id.*), though the agreement was never reduced to writing (Plaintiff's Aff., ECF 5 at 5.)

On November 6, 2022, Defendants "requested and directed that [Plaintiff] alter & change the painting to remove a "Fem power" tattoo at the center of the work. (*Id.*) They also asked Plaintiff to "promote the event in the media." (ECF 2 at 4.) Plaintiff did so, reaching out to *The New York Post*, *The London Daily Mail*, *The New York Law Journal*, and the *Fountain House Times* (FH Times). (*Id.*) On November 11, 2022, the FH Times, which is distributed to philanthropists and art collectors, published a feature article promoting the Blue and Gold Gala, with a picture of the Hotel Edison. The following day, on November 12, 2022, Defendants "unilaterally, without cause or notice, terminated" their agreement with Plaintiff. (*Id.* at 5, ¶ 4.)

Plaintiff contends that he will suffer "irreparable harm" as a result of having his painting "dropped and excluded" from the event without explanation. (*Id.* at 6, ¶ 5.) He alleges that he has learned that one of the event co-chairs, Sue Hrib, styles herself as "notorious 'Auntie'" with the Atlanta Music Fund, LLC, which promotes hip hop and rap music; it is unclear how Plaintiff believes this information relates to the decision not to include his painting in the auction.[3]

Plaintiff brings this suit against Dania Lawro and Sue Hrib; the Hotel Edison; the Ukranian American Youth Association (UAYA); Ukraine American Youth Association (CYMA); and the Atlanta Music Fund, LLC. He seeks injunctive relief and to "impound gross ticket sales." (*Id.* at 6.)

---

[3] Plaintiff also seems to allege that Hrib, operating as Blue Horizon, USA, Inc. had been involved in bankruptcy proceedings. It is likewise unclear how this information relates to the alleged breach of an oral contract.

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**A.      Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not contend that his claims arise under the Court's federal question jurisdiction, and there is no apparent basis for the exercise of  federal question jurisdiction of this matter.

B.    **Diversity Jurisdiction**

Plaintiff does invoke the Court's diversity jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "[N]o plaintiff and no defendant [may be] citizens of the same State." *Id.* For diversity purposes, an individual is a citizen of the State where he or she is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (defining domicile as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning."). A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business, generally its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), and a limited liability company takes the citizenship of each of its members, *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

To establish diversity jurisdiction, a plaintiff must also allege to a "reasonable probability" that the claim is in excess of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). The plaintiff bears the burden of establishing that diversity jurisdiction existed at the time the action was commenced. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).

Here, Plaintiff does not satisfy his burden of showing that the Court has diversity jurisdiction of this action. First, Plaintiff does not adequately plead the citizenship of the individual defendants because he provides business addresses rather than pleading facts about where defendants are domiciled. Next, Plaintiff names Atlanta Music Fund, LLC, as a defendant, but he does not plead facts about all of the members of the limited liability company and their citizenship. Finally, diversity of citizenship is not complete: Plaintiff alleges that he is a citizen of New York, and that Defendants Lawro, UAYA, CYMA, and the Hotel Edison are also

citizens of New York. Plaintiff thus does not show diversity of citizenship because parties on both sides are citizens of New York.

Plaintiff also has not alleged that the amount in controversy exceeds $75,000. Because Plaintiff does not plead facts showing that the Court has diversity jurisdiction of this matter, the Court dismisses the complaint for lack of subject matter jurisdiction.

Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987).[4] Here, it appears that nearly all of the defendants named in the complaint are citizens of New York; only Hrib and Atlanta Music Fund, LLC, are alleged to be citizens of another State, and the citizenship allegations for both of these parties are, at present, deficient. Plaintiff may be able to amend his complaint to (1) drop, if they are not indispensable, all of the parties whose presence defeats diversity of citizenship; (2) plead facts showing that his citizenship is diverse from that of all of the defendants he names in the amended complaint; and (3) plead facts showing that that the amount in controversy exceeds $75,000. The Court therefore grants Plaintiff 30 days' leave to amend his complaint to replead his allegations of subject matter jurisdiction.

---

[4] Plaintiff attaches a document that describes him as having "passed the NYS Bar [exam] without [attending] law school" after "a self-study program [that] he designed himself." (ECF 5 at 8.) It is therefore not clear that he is entitled to the liberal construction usually afforded to *pro se* litigants. *See, e.g., Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all."). The Court nevertheless grants him an opportunity to replead.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to hold this matter open on the docket and grants Plaintiff 30 days' leave to amend his complaint to replead his allegations of subject matter jurisdiction. An amended complaint form is attached to this order. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 2, 2022
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                          State                      Zip Code

_____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

             First Name                 Last Name

             _____

             Current Job Title (or other identifying information)

             _____

             Current Work Address (or other address where defendant may be served)

             _____

             County, City              State          Zip Code

Defendant 2: _____

             First Name                 Last Name

              _____

             Current Job Title (or other identifying information)

             _____

             Current Work Address (or other address where defendant may be served)

             _____

             County, City              State          Zip Code

Defendant 3: _____

             First Name                 Last Name

              _____

             Current Job Title (or other identifying information)

             _____

             Current Work Address (or other address where defendant may be served)

             _____

             County, City              State          Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                       State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Street Address

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.